# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**SANTIAGO RODRIGUEZ CHAVEZ,**

     **Applicant,**

     **v.**                                                    **Case No.:  5:26-cv-503-JLB-PRL**

**MAJOR CHARLES MCINTOSH,
BILLY WOODS, GARRETT RIPA,
TODD LYONS, Acting Director of
U.S. Immigration and Customs
Enforcement, MARKWAYNE
MULLIN, Secretary, U.S. Homeland
Security, and TODD BLANCHE
Acting Attorney General, U.S.
Department of Justice,**

     **Respondents.**

_____/

## ORDER

Petitioner Santiago Rodriguez Chavez, through counsel, initiated this action by filing a Motion for Temporary Restraining Order. (Doc. 1). Petitioner is a Mexican national presently detained in the Marion County Jail following his arrest on June 26, 2026, for operating a motor vehicle without a valid driver's license. (Doc. 1-3). In the motion, Petitioner  seeks to enjoin the named Respondents from transferring him out of the jail, "delivering him to ICE custody based solely on an immigration detainer or administrative warrant, removing him from the United States, or holding him beyond the lawful basis for his state custody without a judicial

warrant, probable cause determination, or prompt custody/bond review." (Doc. 1 at 3). Upon review, the Court denies the motion without prejudice and dismisses this action.

As an initial matter, the filing of a motion for injunctive relief is not sufficient to initiate an action. However, a litigant generally initiates a civil action in federal court by filing a complaint or petition, not a stand-alone motion seeking injunctive relief. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Rules 1(b), 3(a), 12, Rules Governing Section 2254 Cases; *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (recognizing that "any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance"); *Greene v. Philadelphia Hous. Auth.*, 789 F. Supp. 2d 582, 585 (E.D. Pa. 2011) (a motion for a temporary restraining order and preliminary injunction is not a properly filed complaint and is insufficient to commence a civil action in federal court). Here, Petitioner has not filed a habeas petition or complaint, and the action is due to be dismissed for this reason alone.

Even if the Court were to construe the motion as a habeas petition seeking a temporary restraining order, Petitioner has failed to meet his burden to establish that injunctive relief is warranted. Injunctive relief such as a temporary restraining order is only appropriate where the movant demonstrates that: (a) there is a substantial

likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); *see also* Fed. R. Civ. P. 65(b). Notably, an "*ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution." *Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995).

As best the Court can discern from the motion and exhibits, Petitioner is detained in the Marion County Jail based on his arrest for state charges and fears being detained by Immigration and Customs Enforcement (ICE) if he were to post bond for his state charge or otherwise be released. (Doc. 1-4). But Petitioner challenges the immigration detainer, not his present detention in the Marion County Jail.[1] Under 28 U.S.C. § 2241(c), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Petitioner's custody in the county jail is based on the state charges, not the detainer, and the filing of a detainer fails to meet the "in

---

[1] If the motion can be construed as a challenge to Petitioner's detention on the state charges, the *Younger* abstention doctrine would bar his claim. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (establishing that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final).

custody" requirement. *See Louis v. Sec'y, Fla. Dep't of Corr.*, 524 F. App'x 583, 584 (11th Cir. 2013)[2] ("An ICE detainer, standing alone, is generally insufficient to establish ICE custody."); *Orozco v. U.S. I.N.S.*, 911 F.2d 539, 541 (11th Cir. 1990) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ [of habeas corpus]."), *superseded by statute on other grounds as explained*, *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1366–68 (11th Cir. 2006). Because Petitioner is not "in custody" under the challenged detainer, the Court lacks jurisdiction under § 2241 to review the constitutionality of his detention. Thus, Petitioner fails to demonstrate a substantial likelihood of success on the merits.

Accordingly, the motion for temporary restraining order (Doc. 1) is **DENIED without prejudice** and this action is **DISMISSED without prejudice**.

**DONE AND ORDERED** on July 13, 2026

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to:      Counsel of Record

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.